UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JANET PALMER-CARRI,**<br><br>   Plaintiff,<br><br>v.<br><br>**POLAND SPRINGS,**<br><br>   Defendant. | Civ. No. 2:13-04376 (KM)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of Defendant Nestle Waters North America (improperly pleaded as Poland Springs, hereinafter "Nestle") to dismiss the Complaint of Plaintiff, Janet Palmer-Carri, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). After reviewing the Complaint, I cannot discern a valid claim for relief against the Defendant. Accordingly, the motion to dismiss the Complaint is **GRANTED**.

I.   **BACKGROUND**

Palmer-Carri asserts that she was injured after drinking Poland Springs Water. In her two-page Complaint, Palmer-Carri alleges that, after drinking the water, she experienced "memory loss, slurred speech, constant diar[r]hea, stomach cramps, skin break outs (rash), stuttering." Compl. at 1. She alleges that the "quality" of the water caused these symptoms, and that she stopped experiencing the symptoms when she stopped drinking the water. *Id.* at 1-2. She also alleges that she "addressed this problem" with Poland Springs representatives in the past, but was assured that the product was of the highest quality. *Id.* at 2. Palmer-Carri seeks $10,000,000,000 in damages, and demands that the product be taken off the market. *Id.*

Palmer-Carri filed her Complaint on July 18, 2013. Compl. (Docket No. 1). A summons was issued to Poland Springs (Nestle) on July 19, 2013, and returned executed on November 26, 2013. (Docket Nos. 2, 3). On December 4,

2013, Nestle moved to dismiss the complaint for failure to state a claim. (Docket No. 4). Palmer-Carri has not responded to the motion to dismiss.

## II. DISCUSSION

Nestle moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To state a valid claim for relief, the Complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

The Defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in favor of the Plaintiff. *Phillips v. County of Allegheny,* 515 F.3d 224, 231 (3d Cir. 2008). Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

In a case brought *pro se* such as this one, the Court must construe the Complaint liberally in favor of the plaintiff. *Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a pro se complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *See Millhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

I find that the Complaint fails to state a claim against Nestle. Even under the most liberal construction of the complaint, Palmer-Carri has failed to allege facts sufficient to support a cognizable claim. *See generally Haines*, 404 U.S. at 520-21. Although Palmer-Carri alleges she was injured after drinking Poland Springs water, she does not tie her personal injury claim to any particular

statute or cause of action. *See* Compl. at 1-2. For the purposes of this Opinion, I will assume that Palmer-Carri intends to assert a common law tort claim.

Assuming that this is a state-law claim, the Complaint asserts no basis, such as diversity of citizenship, for this court's subject matter jurisdiction. *See generally* 28 U.S.C. § 1332. At any rate, the Complaint is so bereft of any specific allegations that it cannot be sustained. Palmer-Carri does not identify what Poland Springs product she consumed, or any specific times or dates of consumption. She makes no allegation of how or why the water was unfit, unsafe, or unsuitable for its intended purpose.

In sum, Palmer-Carri has failed to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). The Complaint thus fails to state a claim for relief that is "plausible on its face," and it will be dismissed for failure to comply with the pleading standards of Rule 8, Fed. R. Civ. P.

### III. CONCLUSION

For the reasons set forth above, Nestle's motion to dismiss is **GRANTED** and Palmer-Carri's Complaint is **DISMISSED** without prejudice.

Dated: July 10, 2014

_____
**Kevin McNulty**
**United States District Judge**